UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FETHI HEPCAKICI, JR., <br><br>                    Plaintiff, <br>        v. <br><br> PILOT TRAVEL CENTERS LLC, <br><br>                    Defendant. | CASE NO. 3:24-cv-05706-DGE <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court on its own review of the record.  On August 28, 2024, Defendant Pilot Travel Centers—a limited liability corporation ("LLC")—removed this matter to federal court.  (Dkt. No. 1.)  Defendant states the Court has diversity jurisdiction over this proceeding under 28 U.S.C. § 1332 "because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000[.]"  (*Id*. at 3.)  Defendant claims Pilot Travel Centers is a citizen of Delaware and Tennessee because it is an entity organized under the laws of the State of Delaware with its principal place of business in Tennessee.  (*Id*. at 4.)  However, "an LLC is a citizen of every state of which its owners/members are citizens."

ORDER TO SHOW CAUSE - 1

1  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, Defendant has failed to properly establish diversity jurisdiction because it has not identified the citizenship of its members.

"The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court . . . each plaintiff must be diverse from each defendant."  *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001).  Failure to meet the requirements of the diversity statute for each defendant destroys "'complete diversity,' rendering the entire case beyond the federal court's power to decide."  *Id.* at 1005.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Accordingly, Defendant is ordered to show cause, no later than September 9, 2024, as to why this case should not be dismissed for lack of subject matter jurisdiction based on the failure to identify Defendant's citizenship.  Alternatively, Plaintiff may file an amended complaint by such date addressing the deficiencies identified herein.

Dated this 3rd day of September, 2024.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 2